■ The People of the State of New York, Respondent, v Thanh Giap, Appellant. [709 NYS2d 62] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered December 23, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly precluded defendant from introducing, as a statement against penal interest, a tape recording made by defendant's girlfriend of a conversation that she had with a certain 17-year old, deceased at the time of trial, which allegedly constituted proof that this individual, rather than defendant, was the killer. The record supports the court's finding that the declaration, while purporting to be based on personal knowledge, was actually based on facts supplied by the girlfriend, and that the declaration was insufficiently reliable (*see, People v Settles,* 46 NY2d 154, 167-170). There was no in-

dependent evidence connecting the declarant to the shooting, and the nature of the conversation between him and defendant's girlfriend clearly established its unreliability and the lack of competent knowledge by the declarant. The tape, consisting primarily of responses to leading questions posed by the girlfriend, had a staged, artificial quality, and the girlfriend was clearly supplying the declarant with information. Moreover, the declarant subsequently recanted his entire declaration and told the prosecutor that the girlfriend had paid him to make a fraudulent exculpatory tape. Under these circumstances, the court properly rejected the alleged confession. Contrary to defendant's argument on appeal, the court's ruling was not based on its personal opinion of the truthfulness of the declaration.

The court properly exercised its discretion in denying defendant's request for a sanction made after it was learned that, during a weekend recess that interrupted defendant's cross-examination of a witness, the prosecutor had a conversation with the witness on a matter relating to his testimony (*see, People v Branch*, 83 NY2d 663). The conference did not impair the truth-seeking function of the trial or cause any prejudice to defendant, who was able to exploit this incident fully on resumed cross-examination.

The evidence established that, at the time he made a statement admitted as a dying declaration, the murder victim was so severely wounded that his awareness of his impending death could be readily inferred. Defendant's remaining claims concerning the dying declaration, as well as the other evidentiary rulings challenged on appeal, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.