# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**729**

**KA 11-00523**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RODNEY D. MCFARLAND, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered January 19, 2011. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following Memorandum: We granted defendant leave to appeal from the order denying his CPL article 440 motion to vacate the judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that he is entitled to vacatur of the judgment pursuant to CPL 440.10 (1) (h) because defense counsel failed to prepare adequately for trial and failed to move to suppress evidence obtained from defendant's cellular telephone. We reject that contention and conclude that Supreme Court properly denied defendant's motion to the extent that the motion was based on CPL 440.10 (1) (h) without conducting a hearing (*see* CPL 440.10 [2] [c]; 440.30 [2]).

We conclude, however, that defendant's motion may have merit to the extent that it was based on CPL 440.10 (1) (g) (*see generally People v Salemi*, 309 NY 208, 215, *cert denied* 350 US 950). That section permits vacatur of a judgment of conviction on the ground that new evidence has been discovered since the entry of a judgment, which could not have been produced at trial with due diligence "and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). "A motion to vacate a judgment of conviction upon the ground of newly discovered evidence rests within the discretion of the hearing court . . . The 'court must

make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial' " (*People v Deacon*, 96 AD3d 965, 967, *appeal dismissed* 20 NY3d 1046).

Several years after defendant's conviction and exhaustion of his direct appeal, defendant's appellate counsel received in the mail an affidavit from a person to whom a third party had allegedly confessed to shooting and killing the victim. The author of the affidavit averred that, on two occasions, he had informed investigators about the third party's statements. Contrary to the People's contention, we conclude that there are questions of fact whether the new evidence, i.e., the statements of the nontestifying third party, would have been admissible at trial as declarations against penal interest (*see generally* CPL 440.10 [1] [g]).

"[B]efore statements of a nontestifying third party are admissible [at trial] as a declaration against penal interest, the proponent must satisfy the court that four prerequisites are met: (1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction, or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability" (*People v Brensic*, 70 NY2d 9, 15; *see People v Ennis*, 11 NY3d 403, 412-413, *cert denied* ___ US ___ [May 18, 2009]; *Deacon*, 96 AD3d at 968). "Even if th[o]se criteria are met, the statement cannot be received in evidence [at trial] unless it is also supported by independent proof indicating that it is trustworthy and reliable" (*Ennis*, 11 NY3d at 412-413).

We agree with defendant that where, as here, the declarations exculpate the defendant, they "are subject to a more lenient standard, and will be found 'sufficient if [the supportive evidence] establish[es] a reasonable possibility that the statement might be true' " (*Deacon*, 96 AD3d at 968, quoting *People v Settles*, 46 NY2d 154, 169-170). That is because " '[d]epriving a defendant of the opportunity to offer into evidence [at trial] another person's admission to the crime with which he or she has been charged, even though that admission may . . . be offered [only] as a hearsay statement, may deny a defendant his or her fundamental right to present a defense' " (*id.*).

Although the People contend that there is no evidence that the third party is unavailable, we conclude that, inasmuch as the statements attributed to the third party implicate him in a murder, there is a likelihood that, if called to testify at a trial, he would assert his Fifth Amendment privilege against self-incrimination and thus become unavailable (*see Ennis*, 11 NY3d at 412-413). We reject the People's contention that there is no competent evidence independent of the declaration to assure its trustworthiness and reliability (*see generally Brensic*, 70 NY2d at 15). The evidence at trial and in the record on this appeal establishes a reasonable possibility that the nontestifying third party had a motive to murder

the victim.  Defendant and the third party went to a residence where the third party had a confrontation with the victim.  Defendant, the third party and the victim then went onto the porch of the residence. The People's main witness at trial testified that, in her quick glance out of a window, she saw defendant holding an unknown object in his hand and tussling with the victim, but other witnesses testified that they heard the victim pleading with the third party by name seconds before they heard a gunshot.

Inasmuch as the People submitted an affidavit from an investigator contesting the assertion that investigators were informed of the statements made by the nontestifying third party, we conclude that there are issues of fact concerning the reliability of the newly discovered evidence.  We therefore remit the matter to Supreme Court to conduct a hearing to determine whether the third party is unavailable and, if so, whether there is "competent evidence independent of the declaration to assure its trustworthiness and reliability" (*Brensic*, 70 NY2d at 15).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                 Clerk of the Court