# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1249

KA 12-01364

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LEVAUGHN MCARTHUR, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE (SHIRLEY A. GORMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D.
Walsh, J.), rendered October 12, 2011. The judgment convicted
defendant, upon a jury verdict, of burglary in the first degree (two
counts), assault in the first degree and criminal possession of a
weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is
affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
upon a jury verdict, of two counts of burglary in the first degree
(Penal Law § 140.30 [2], [3]) and one count each of assault in the
first degree (§ 120.10 [4]) and criminal possession of a weapon in the
third degree (§ 265.02 [1]). Defendant contends that he was denied
his right to be present at all material stages of the trial inasmuch
as he was not present for a bench conference that occurred during his
testimony (*see People v Antommarchi*, 80 NY2d 247, 250, *rearg denied* 81
NY2d 759). Even assuming, arguendo, that the bench conference
" 'involved factual matters about which defendant might have [had]
peculiar knowledge that would [have] be[en] useful in advancing [his]
or countering the People's position' " (*People v Spotford*, 85 NY2d
593, 596, quoting *People v Dokes*, 79 NY2d 656, 660; *cf. People v
Horne*, 97 NY2d 404, 416), we conclude that defendant voluntarily,
knowingly and intelligently waived that right (*see People v Vargas*, 88
NY2d 363, 375-376; *see also People v Velasquez*, 1 NY3d 44, 49).
Defendant's contention that County Court erred in modifying its
*Sandoval* ruling during trial is not properly before us (*see* CPL 470.05
[2]), and we decline to exercise our power to address it as a matter
of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the court erred in determining
that his request for a missing witness charge was untimely because it

was made after both parties had rested, "rather than at the close of the People's proof, when defendant became 'aware that the witness[es] would not testify' " (*People v Williams*, 94 AD3d 1555, 1556; *see People v Lopez*, 96 AD3d 1621, 1622, *lv denied* 19 NY3d 998). Defendant's contention that the court failed to respond meaningfully to a jury note seeking clarification of the definition of intent is not preserved for our review (*see People v Santiago*, 101 AD3d 1715, 1717, *lv denied* 21 NY3d 946) and, in any event, it lacks merit because "the court's rereading of the [intent] instruction constituted a meaningful response" to the note (*id.*).

We further conclude that defendant's challenge to the legal sufficiency of the evidence supporting the conviction of burglary and assault is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19), and in any event lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that defendant's challenge to the legal sufficiency of the evidence supporting the conviction of criminal possession of a weapon in the third degree is preserved for our review (*cf. Gray*, 86 NY2d at 19), we conclude that defendant's challenge lacks merit (*see Bleakley*, 69 NY2d at 495). Viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we see no basis for disturbing the jury's resolution of those issues.

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant further contends that his right to present a defense was violated when the court precluded him from presenting hearsay evidence in which defendant's accomplice attempted to exonerate defendant. We reject that contention. "[A] defendant has a constitutional right to present a defense" (*People v Hayes*, 17 NY3d 46, 53), and a "defendant's constitutional right to due process requires admission of hearsay evidence when [the] declarant has become unavailable to testify and 'the hearsay testimony is material, exculpatory and has sufficient indicia of reliability' " (*People v Burns*, 6 NY3d 793, 795, quoting *People v Robinson*, 89 NY2d 648, 650 [emphasis omitted]). Here, there is no dispute that the accomplice was unavailable to testify (*see People v Stultz*, 2 NY3d 277, 286, *rearg denied* 3 NY3d 702), and we agree with the parties that our analysis turns on the issue whether the accomplice's statements were declarations against penal interest, and thus admissible as an exception to the hearsay rule (*see People v Shabazz*, 22 NY3d 896, 898). The hearsay evidence at issue consists of statements made by the accomplice during his plea colloquy and in a letter in which he took "full responsibility for what occurred." We agree with the People that the court properly concluded that those statements were

unreliable, and thus did not err in refusing to admit them in evidence (*cf. id.; People v McFarland*, 108 AD3d 1121, 1122-1123).  The court expressly noted that, during the plea colloquy, the accomplice sought to alter his account of the incident out of a desire to avoid entering the prison system as a "snitch," and the court outlined the accomplice's contradictory statements during the plea colloquy.  The accomplice initially stated that defendant entered the home in which the assault occurred only to "get" the accomplice, thus implying that defendant had entered the home after the accomplice was there.  The court then advised the accomplice that untruthful testimony during the plea colloquy could result in the accomplice receiving a sentence greater than that promised to him during plea negotiations, and noted that the People had witnesses "who were there" at the subject home and "saw what happened."  When the plea colloquy resumed, the accomplice changed his account, stating that defendant had entered the home with the accomplice.  That change leads us to conclude that the court properly found the accomplice's testimony at the plea colloquy to be unreliable.  Even assuming, arguendo, that the letter is contrary to the accomplice's penal interest, we further conclude that the court properly found that the statements therein were also unreliable.  We note that the letter was signed one week after the accomplice's plea colloquy, and that the accomplice attempted to establish therein that defendant had no knowledge of the accomplice's plans when the accomplice took him to the home.  We further note that the Court of Appeals has recently reiterated that there are four components to the declaration against penal interest exception to the hearsay rule: "(1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time the statement is made that it is contrary to penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient proof independent of the utterance to assure its reliability" (*Shabazz*, 22 NY3d at 898).  Jerome Prince, Richardson on Evidence sets forth a fifth component, i.e., that the declarant "had no probable motive to misrepresent the facts" (Jerome Prince, Richardson on Evidence § 8-403 [Farrell 11th Ed 2008]).  To the extent that component should be part of our calculus here, we conclude that it weights our determination even more heavily in the People's favor.  Finally, we conclude that the sentence is not unduly harsh or severe.

All concur except CARNI, J., who dissents and votes to reverse and grant a new trial in accordance with the following Memorandum:  I respectfully dissent and would reverse the judgment and grant a new trial.  I agree with defendant that County Court erred in failing to admit in evidence the transcript of the plea colloquy of defendant's accomplice and a letter written by that accomplice, both of which contained statements exonerating defendant for the crimes herein.  Inasmuch as those items are exculpatory, they "are subject to a more lenient standard, and will be found 'sufficient if [the supportive evidence] establish[es] a reasonable possibility that the statement[s therein] might be true' " (*People v Deacon*, 96 AD3d 965, 968, *appeal dismissed* 20 NY3d 1046, quoting *People v Settles*, 46 NY2d 154, 169-170).  In my view, the accomplice's declarations against his penal interest were supported by evidence establishing a reasonable

possibility that they might be true, and the court therefore erred in refusing to admit them in evidence (*see People v McFarland*, 108 AD3d 1121, 1122).  Further, the exclusion of those statements infringed on defendant's weighty interest in presenting exculpatory evidence, thus depriving him of a fair trial (*see Chambers v Mississippi*, 410 US 284, 302-303; *People v Oxley*, 64 AD3d 1078, 1084, *lv denied* 13 NY3d 941). Because the evidence of third-party culpability was improperly excluded, I conclude that defendant is entitled to a new trial (*see Oxley*, 64 AD3d at 1084).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court