# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1046/13
KA 12-00969
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

RONALD E. HOYER, DEFENDANT-APPELLANT.

---

LAW OFFICE OF MARK A. YOUNG, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered April 12, 2012. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL article 440 seeking to vacate the judgment convicting him of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Supreme Court properly denied the motion. Defendant, a Canadian citizen who emigrated to the United States in 1960 and is a permanent legal resident, was convicted of that crime in 1991 and completed his sentence of probation in 1994. He was arrested by Homeland Security officers in 2011 on the ground that the 1991 conviction is an aggravated felony pursuant to 8 USC § 1101 (a) (43) (B) and thus, as an "alien who is convicted of an aggravated felony at any time after admission, [he] is deportable" (8 USC § 1227 [a] [2] [A] [iii]). In support of his motion pursuant to CPL 440.10 (1) (h), defendant contended that he was denied effective assistance of counsel based upon defense counsel's failure to advise him that the conviction could result in deportation. Although the Supreme Court concluded in *Padilla v Kentucky* (559 US 1473) that the failure of defense counsel to advise a noncitizen defendant about the potential for deportation constituted ineffective assistance of counsel, it clarified in *Chaidez v United States* (559 US ___, ___, 133 S Ct 1103, 1105) that *Padilla* "does not have retroactive effect." Inasmuch as the Court of Appeals has concluded that there is no basis to depart from the Supreme Court's holding in *Chaidez* (*see People v Baret*, ___ NY3d ___, ___ [June 30, 2014]), we reject defendant's

contention.

     With respect to defendant's remaining contention that he also was denied effective assistance of counsel based on defense counsel's failure to seek dismissal of the indictment pursuant to CPL 30.30, we conclude that the court properly determined that defendant received meaningful representation inasmuch as he received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).  We note that, in *People v Peque* (22 NY3d 168, 195-196), the Court of Appeals overruled "only so much of *Ford* as suggests that a trial court's failure to tell a defendant about potential deportation is irrelevant to the validity of the defendant's guilty plea," and did not otherwise disturb that part of *Ford* addressed to a defendant's constitutional right to effective assistance of counsel in the context of a guilty plea (*see People v Vargas*, 112 AD3d 979, 980).

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court