■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNIE JONES, Appellant. [12 NYS3d 27]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered August 13, 2013, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court properly exercised its discretion in precluding evidence that defendant's friend allegedly told witnesses that he, rather than defendant, assaulted the victim. This hearsay evi-

dence did not satisfy the reliability requirement for admissibility under the exception for declarations against penal interest (*see People v Settles*, 46 NY2d 154, 167-170 [1978]), or under a due process theory (*see Chambers v Mississippi*, 410 US 284, 298-302 [1973]). Defendant's friend told defense counsel that he neither committed the assault nor made the alleged statements, the statements were contradicted by trial witnesses who testified that the friend was nearby but did not participate in the assault, the statements were allegedly made to persons closely aligned with defendant, and recorded phone calls raised suspicion that defendant had made efforts to manufacture exculpatory evidence. All these factors undermined any reliability this hearsay evidence may have had (*see e.g. People v Thanh Giap*, 273 AD2d 54, 55 [1st Dept 2000], *lv denied* 95 NY2d 872 [2000]), and it was far removed from the trustworthy third-party confessions at issue in *Chambers*.

The court properly denied defendant's application for a material witness order since he failed to establish "reasonable cause to believe" that the proposed witness possessed "information material to the determination" of the case (CPL 620.20 [1] [a]; *see People v Parsons*, 18 AD3d 317 [1st Dept 2005], *lv denied* 5 NY3d 792 [2005]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.