# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

635
KA 15-00119
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

CHARLES R. PIERRE, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR APPELLANT.

VAN HENRI WHITE, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered July 21, 2014. The order granted the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10 (1) (g).

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order granting defendant's motion pursuant to CPL 440.10 (1) (g) seeking to vacate the judgment convicting him, following a jury trial in 2003, of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), two counts of murder in the second degree (§ 125.25 [1]) and one count of arson in the second degree (§ 150.15) (*People v Pierre*, 37 AD3d 1172, *lv denied* 8 NY3d 989). Contrary to the People's contention, County Court properly determined, following a hearing, that defendant proved by a preponderance of the evidence that "[n]ew evidence has been discovered since the entry of [the] judgment . . . , which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]; *see* CPL 440.40 [6]).

Two witnesses testified at the hearing that a third party (declarant) admitted that he beat the two victims with a baseball bat in their apartment and set a fire to destroy the evidence. The victims lived in the downstairs apartment of a building on First Street in Rochester, and the declarant lived in the upstairs apartment. One witness was a "jailhouse lawyer" from whom the declarant sought legal advice in 2013 on the issue whether he could be convicted of those crimes after another person had been convicted of them. The witness testified that the declarant was concerned that his

wife, who had left him, would report to the police that he had committed the crimes.  At the time he allegedly made the statements, the declarant was awaiting trial for a 2007 murder, in which the victim was beaten and a fire was set in her home.  The witness subsequently testified for the People in that trial, and the declarant was convicted of the crimes charged.  The declarant's ex-wife testified at the hearing that the declarant told her on the day of the crimes in 2002 that he had committed them.  She testified that, two days later, she told the declarant that she was leaving him and intended to report his crimes to the police, and that the declarant threatened to kill her and everyone she loved if she did so.  A police witness testified that a 2005 police report indicated that, when responding to a domestic violence report involving the declarant and his wife, the declarant's wife was heard to say to the declarant, "if you don't leave I will tell them about the two people you killed on First Street."  Also admitted in evidence at the hearing was a recording of the police interview with the declarant's ex-wife regarding both the 2002 and 2007 crimes.

We reject the People's contention that the testimony of the two witnesses regarding the declarant's alleged statements are not admissible in evidence as admissions against his penal interest because defendant did not establish that the declarant was unavailable to testify (*see People v McFarland*, 108 AD3d 1121, 1122, *lv denied* 24 NY3d 1220).  Inasmuch as the declarant allegedly admitted to killing two people and committing arson, it is reasonable to assume that he would exercise his Fifth Amendment right to refuse to incriminate himself (*see People v Ennis*, 11 NY3d 403, 413, *cert denied* 556 US 1240; *McFarland*, 108 AD3d at 1122).  Also contrary to the People's contention, the evidence is supported by independent competent proof indicating that it is trustworthy and reliable (*see People v Brensic*, 70 NY2d 9, 15, *remittitur amended* 70 NY2d 722; *People v Settles*, 46 NY2d 154, 167).  Although there was no evidence at the hearing that the evidence presented at defendant's trial established that the victims were beaten to death, we may take judicial notice of our own records of defendant's appeal, which establish that the victims died in the manner described by the witnesses, as reported by the declarant, and that the evidence against defendant was wholly circumstantial (*see McFarland*, 108 AD3d at 1122-1123).  Indeed, "where, as here, the declarations exculpate the defendant, they are subject to a more lenient standard, and will be found sufficient if [the supportive evidence] establish[es] a reasonable possibility that the statement[s] might be true . . . That is because [to do otherwise] may deny a defendant his or her fundamental right to present a defense" (*id.* at 1122 [internal quotation marks omitted]).

We also reject the People's contention that the court erred in admitting the testimony of the declarant's ex-wife because his disclosures were subject to a spousal privilege and the declarant had not consented to her testimony as required by CPLR 4502 (b).  The threat made by the declarant against his wife "is strong evidence that [the declarant] was not then relying upon any confidential relationship to preserve the secrecy of his acts and words, and is sufficient in itself to remove these communications from the

protection of the privilege" (*People v Dudley*, 24 NY2d 410, 415; *cf. People v Fediuk*, 66 NY2d 881, 883-884).

Entered:  June 12, 2015

Frances E. Cafarell
Clerk of the Court