# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

130

KA 14-01899

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

RODNEY MCFARLAND, DEFENDANT-APPELLANT.

---

CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Thomas E. Moran, J.), dated August 29, 2014. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion pursuant to CPL 440.10 (1) (g) is granted, the judgment of conviction is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: On a prior appeal, we remitted the matter to Supreme Court to conduct a hearing on defendant's motion pursuant to CPL 440.10 (1) (g) seeking vacatur of the judgment "on the ground that new evidence has been discovered since the entry of the judgment, which could not have been produced at trial with due diligence 'and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant' " (*People v McFarland*, 108 AD3d 1121, 1121, *lv denied* 24 NY3d 1220). Defendant alleged that a statement of a third party that it was he, and not defendant, who shot and killed the victim, constitutes a statement against penal interest and that, if the statement had been admitted in evidence at trial, the verdict would have been more favorable to defendant. We remitted the matter for a hearing to determine whether the third party was unavailable to testify "and, if so, whether there is 'competent evidence independent of the declaration to assure its trustworthiness and reliability' " (*id.* at 1123). Following the hearing, the court denied the motion. That was error. We therefore reverse the order.

The third party appeared at the hearing and exercised his Fifth Amendment right to remain silent. Thus, the court properly determined

that he is unavailable to testify.  Defendant called to the stand to testify the person to whom the third party allegedly made the admission.  That witness testified that the third party told him in 2003 at the Monroe County Jail that it was he who shot the victim and that he implicated defendant because "he did what he had to do" to avoid "serious jail time."  The witness's testimony varied from the factual averments set forth in an affidavit he sent to defendant's counsel in 2007.  The witness averred in his affidavit that the third party told him that he and defendant went to the victim's house where he had a confrontation with the victim because the victim owed him money.  During the hearing, however, he testified that the third party said that the victim owed defendant money and that, after the victim punched defendant, the third party shot the victim.  An eyewitness testified at the trial that "in her quick glance out of a window" she saw defendant engaged in a struggle on the porch with the victim (*id.*).  She further testified, however, that while defendant, the victim, and the third party were inside the residence, the third party and the victim were engaged in a loud dispute and that defendant was not part of that dispute.  We note that our prior decision erroneously states that other witnesses "testified" that they heard the victim pleading with the third party by name before they heard gunshots (*id.*).  That information was provided in defendant's CPL 440.10 motion through statements of those eyewitnesses to the police, but there was no testimony to that effect at defendant's trial.  In any event, an investigator hired by defendant's attorney testified during the 440.10 hearing that the third party admitted to her that he was at the scene and that he had a dispute with the victim.  He also told the investigator, however, that defendant was not present and that the victim was shot by a person who ran onto the porch and pushed the third party away from the victim.  Also admitted in evidence at the 440.10 hearing were letters written by defendant's wife to the third party and letters ostensibly written by the third party to defendant's former attorney.

Following the hearing, the court determined that the testimony of the witness who testified that the third party made the incriminating statement to him was "incredible as a matter of law."  The court also determined that the letters ostensibly written by the third party were "lacking in evidentiary foundation, and thus, authentically unreliable and untrustworthy," explaining that it had compared the signatures on those letters with the third party's signature on his statement to police implicating defendant in the crime.  The court therefore concluded that the third party's statement would not be admissible at trial as a declaration against penal interest.

As a preliminary matter, it is well settled that a "less stringent standard [of admissibility] applies, where, as here, the declaration is offered by defendant to exonerate himself rather than by the People, to inculpate him" (*People v Backus*, 129 AD3d 1621, 1624, *lv denied* 27 NY3d 991; *see McFarland*, 108 AD3d at 1122).  Furthermore, the statements attributed to the third party "all but rule[] out a motive [for the third party] to falsify" the statement that it was he, and not defendant, who shot the victim (*Backus*, 129 AD3d at 1624).  Thus, in determining whether there is evidence

constituting "sufficient supportive evidence of a declaration against penal interest[,] . . . [t]he crucial inquiry focuses on the intrinsic trustworthiness of the statement as confirmed by competent evidence independent of the declaration itself . . . Supportive evidence is sufficient if it *establishes a reasonable possibility that the statement might be true.*  Whether [the hearing] court believes the statement to be true is irrelevant . . . If the proponent of the statement is able to establish this *possibility of trustworthiness*, it is the function of the jury alone to determine whether the declaration is sufficient to create reasonable doubt of guilt" (*People v Settles*, 46 NY2d 154, 169-170 [emphasis added]).

We conclude that defendant provided sufficient competent evidence at the 440.10 hearing to establish the "possibility of trustworthiness" of the third party's statement to satisfy the requirement that the statement was a declaration against penal interest.  In addition to the trial testimony that the third party was engaged in a dispute with the victim, the third party admitted to the defense investigator that he was present and engaged in a dispute with the victim and that he wrote the letters to defendant's former attorney.  Thus, we conclude that the third party is unavailable and that his alleged statement is "supported by independent proof indicating that it is trustworthy and reliable" and thus that it is a statement against penal interest (*People v Ennis*, 11 NY3d 403, 412-413, *cert denied* 556 US 1240; *see People v Brensic*, 70 NY2d 9, 15). Furthermore, the statement is "clearly exculpatory of the defendant" (*People v Deacon*, 96 AD3d 965, 968, *appeal dismissed* 20 NY3d 1046). We therefore conclude that defendant met his burden of establishing, by a preponderance of the evidence (*see* CPL 440.30 [6]), that the third party's statement against penal interest was not available at the time of defendant's trial and "is of such a character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]; *see People v Bailey*, 144 AD3d 1562, 1564).

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court