# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**227**
**KA 15-00665**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TWAN CONWAY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), dated March 24, 2015. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: On defendant's direct appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), we held that, to the extent that defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel survived his guilty plea and valid waiver of the right to appeal, his contention lacked merit (*People v Conway*, 43 AD3d 635, 636, *lv denied* 9 NY3d 990). After Supreme Court summarily denied defendant's subsequent motion pursuant to CPL 440.10 seeking to vacate the judgment, we granted defendant leave to appeal and held on appeal that, as relevant here, defendant was entitled to a hearing pursuant to CPL 440.30 (5) on his claim of ineffective assistance because defendant's submissions, which involved matters outside the record on direct appeal, raised a factual issue whether trial counsel unreasonably refused to investigate potential alibi witnesses and a third party's admission to the crime, made to defendant's prior attorney (*People v Conway*, 118 AD3d 1290, 1291). The court denied the motion to vacate following a hearing, we granted defendant leave to appeal from that order, and we now affirm.

The submissions and hearing testimony established that, following indictment and suppression proceedings, defendant's criminal prosecution was adjourned so that the prior attorney, who was then representing defendant, could locate the third party who had

purportedly contacted him and confessed to committing the burglary. In his subsequent application for a material witness warrant, the prior attorney alleged that he had met with the third party at his office and tape-recorded the confession, which purportedly had been made "with convincing detail." The prior attorney further explained in the application that he attempted to have counsel appointed for the third party but the third party did not timely report to court and, thereafter, the prior attorney was unable to locate the third party despite attempting to serve him with a subpoena at his last known address and employing the services of a private investigator. The court issued the warrant.

After further proceedings and the replacement of attorneys, defendant was assigned trial counsel and the matter proceeded to trial. It is undisputed that the material witness warrant remained active and the investigator continued to look for the third party, even during the trial, but the third party was never located. Trial counsel had the prior attorney added to the witness list, but did not otherwise seek to introduce the third party's confession in evidence. Trial counsel explained at the hearing that she did not seek to introduce the confession due to evidentiary issues with authentication and admissibility, and that she had no good faith basis to seek a pretrial ruling because there were no rules of evidence under which the confession could be admitted. Trial counsel also testified that she had multiple conversations with defendant about the admissibility of the tape. In his testimony at the hearing, defendant confirmed that trial counsel spoke with him about the admissibility of the tape, and he claimed that trial counsel had stated that she was not going to use that evidence because it was hearsay.

After the People called two witnesses at trial, the court granted trial counsel's request to reopen the suppression hearing, thereby allowing defendant to raise an issue regarding the adequacy of the People's CPL 710.30 notice, but the court ultimately denied defendant's motion. After an off-the-record discussion that followed the adverse ruling, defendant indicated his desire to plead guilty, the People agreed to renew a previous offer, and defendant pleaded guilty in accordance with the offer.

Defendant contends that the court erred in denying his motion to vacate the judgment because the record establishes that he was denied effective assistance based on trial counsel's failure to seek admission of the tape recording purportedly containing the confession of the third party, or to present testimony of the prior attorney about that confession, and based on trial counsel's failure to seek a pretrial ruling on the admissibility of such evidence. Defendant also contends that he was denied effective assistance of counsel based on trial counsel's failure to pursue an alibi defense. We reject those contentions.

Where, as here, a defendant contends that he or she was denied the right to effective assistance of counsel guaranteed by both the Federal and New York State Constitutions, we evaluate the claim using

the state standard, which affords greater protection than its federal
counterpart (*see People v Stultz*, 2 NY3d 277, 282, *rearg denied* 3 NY3d
702; *Conway*, 118 AD3d at 1291; *People v Ross*, 118 AD3d 1413, 1415-
1416, *lv denied* 24 NY3d 964).  Under the state standard, "[s]o long as
the evidence, the law, and the circumstances of a particular case,
viewed in totality and as of the time of the representation, reveal
that the attorney provided meaningful representation, the
constitutional requirement will have been met" (*People v Baldi*, 54
NY2d 137, 147; *see People v Benevento*, 91 NY2d 708, 712).  A
"defendant must demonstrate the absence of strategic or other
legitimate explanations for counsel's alleged failure" (*People v
Pavone*, 26 NY3d 629, 646; *see People v Barboni*, 21 NY3d 393, 406;
*People v Caban*, 5 NY3d 143, 152).  "However, a reviewing court must be
careful not to 'second-guess' counsel, or assess counsel's performance
'with the clarity of hindsight,' effectively substituting its own
judgment of the best approach to a given case" (*Pavone*, 26 NY3d at
647, quoting *Benevento*, 91 NY2d at 712; *see People v Parson*, 27 NY3d
1107, 1108).  "The test is 'reasonable competence, not perfect
representation' " (*Pavone*, 26 NY3d at 647).  "In the context of a
guilty plea, a defendant has been afforded meaningful representation
when he or she receives an advantageous plea and nothing in the record
casts doubt on the apparent effectiveness of counsel" (*People v Ford*,
86 NY2d 397, 404; *see People v Hoyer*, 119 AD3d 1457, 1458).

    Here, we conclude that the court did not err in determining that
trial counsel's analysis regarding the admissibility of the tape
recording was correct and defendant offered no plausible legal theory
to support its admissibility.  The court therefore properly concluded
that the fact that trial counsel did not argue for admission of the
confession did not constitute ineffective assistance because there was
little or no chance of success with respect to such an argument.
Contrary to defendant's contention, neither the tape recording of the
confession nor the prior attorney's testimony about that confession
was admissible under the declaration against penal interest exception
to the hearsay rule.

    "The declaration against penal interest exception to the hearsay
rule 'recognizes the general reliability of such statements . . .
because normally people do not make statements damaging to themselves
unless they are true' " (*People v Shabazz*, 22 NY3d 896, 898, quoting
*People v Brensic*, 70 NY2d 9, 14, *remittitur amended* 70 NY2d 722).
"The exception has four components: (1) the declarant must be
unavailable to testify by reason of death, absence from the
jurisdiction or refusal to testify on constitutional grounds; (2) the
declarant must be aware at the time the statement is made that it is
contrary to penal interest; (3) the declarant must have competent
knowledge of the underlying facts; and (4) there must be sufficient
proof independent of the utterance to assure its reliability" (*id.;
see Brensic*, 70 NY2d at 15; *People v Settles*, 46 NY2d 154, 167).  "The
fourth factor is the 'most important' aspect of the exception"
(*Shabazz*, 22 NY3d at 898), and "[t]he crucial inquiry focuses on the
intrinsic trustworthiness of the statement as confirmed by competent
evidence independent of the declaration itself" (*Settles*, 46 NY2d at

169). Where, as here, the declaration exculpates the defendant, "[s]upportive evidence is sufficient if it establishes a reasonable possibility that the [declaration] might be true" (*id.* at 169-170; *see Shabazz*, 22 NY3d at 898; *People v McFarland*, 108 AD3d 1121, 1122, *lv denied* 24 NY3d 1220). This is a more lenient admissibility standard than that applied to a declaration against the defendant offered by the prosecution because "[d]epriving a defendant of the opportunity to offer into evidence [at trial] another person's admission to the crime with which he or she has been charged, even though that admission may . . . be offered [only] as a hearsay statement, may deny a defendant his or her fundamental right to present a defense" (*McFarland*, 108 AD3d at 1122 [internal quotation marks omitted]; *see Chambers v Mississippi*, 410 US 284, 302; *People v McArthur*, 113 AD3d 1088, 1089-1090).

Even assuming, arguendo, the existence of the first three components of the exception, we conclude that there was insufficient proof independent of the third party's confession to assure its reliability. Trial counsel testified that the prior attorney informed her that the tape recording contained the statement of someone who had come into his office and confessed to the burglary. Trial counsel explained that, although the prior attorney was given the name of the third party, "it wasn't even really clear who that person was." In support of her conclusion that the confession was inadmissible, trial counsel testified that all she had was a voice on a tape recording and, based on her discussions with the prior attorney, "there was some question as to whether [the third party] was even voluntarily in [the prior attorney's] office" when he made the confession. Defendant testified that the third party was a friend of one of his sisters, and that the third party and defendant's sister smoked crack cocaine together. As previously indicated, the prior attorney made arrangements for the third party to be appointed counsel, but the third party disappeared shortly thereafter and, despite diligent efforts, including maintaining the investigator's search, trial counsel was unable to locate him even up through defendant's trial.

Contrary to defendant's contention, under the circumstances here, the third party's disappearance is not necessarily indicative of consciousness of guilt, thereby demonstrating the truthfulness of his alleged confession. Rather, particularly in light of the evidence adduced at the hearing, the third party's actions could quite reasonably be consistent with a false or coerced statement given in an attempt to secure an acquittal for defendant (*see generally Chambers*, 410 US at 301 n 21). We conclude that the surrounding circumstances—i.e., a potentially involuntary confession to defendant's prior attorney from a third party who was associated with defendant through his drug use with defendant's sister and disappeared shortly after the alleged confession—do not attest to the trustworthiness or reliability of the declaration (*see People v Jones*, 129 AD3d 477, 477-478, *lv denied* 26 NY3d 931; *see generally McArthur*, 113 AD3d at 1090; *People v Maynard*, 108 AD3d 781, 781, *lv denied* 22 NY3d 1042). The court therefore properly concluded that trial counsel had accurately deemed the evidence to be inadmissible and that her

failure to argue for its admission was not ineffective because there was " 'little or no chance of success' " (*Caban*, 5 NY3d at 152; *see People v Patterson*, 115 AD3d 1174, 1176, *lv denied* 23 NY3d 1066).

Defendant nonetheless contends that trial counsel's explanations for her decision to forgo use of the potentially exculpatory evidence were not credible. We reject that contention. Even if some of the underlying rationale provided by trial counsel in support of her strategic decisions was unconvincing, nothing in her testimony undermined her legitimate explanation that she had no good faith basis for seeking admission of the confession (*see generally People v Curry*, 294 AD2d 608, 612, *lv denied* 98 NY2d 674). To the extent that defendant characterizes trial counsel's testimony as incredible as a matter of law, we conclude that his contention is without merit inasmuch as it cannot be said that trial counsel's testimony was " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Smith*, 73 AD3d 1469, 1470, *lv denied* 15 NY3d 778). The court's determination to credit trial counsel's testimony is supported by the record and entitled to great weight (*see People v Smith*, 16 AD3d 1081, 1082, *lv denied* 4 NY3d 891), and we perceive no basis for reversal on this record (*see People v Campbell*, 106 AD3d 1507, 1508, *lv denied* 21 NY3d 1002).

Finally, contrary to defendant's further contention, the record establishes that trial counsel made a strategic decision not to pursue a weak and potentially harmful alibi defense that the prosecution was prepared to rebut with contradictory statements made by defendant to the police (*see People v VanDeusen*, 129 AD3d 1325, 1327, *lv denied* 26 NY3d 972; *People v Atkins*, 107 AD3d 1465, 1465, *lv denied* 21 NY3d 1040; *People v Washington*, 184 AD2d 451, 452, *lv denied* 80 NY2d 911; *see also Baldi*, 54 NY2d at 147-148). That decision " 'cannot be characterized as ineffective assistance of counsel' " (*Atkins*, 107 AD3d at 1465).

Entered:  March 31, 2017                        Frances E. Cafarell
                                                Clerk of the Court