People v Oliver (2018 NY Slip Op 04885)





People v Oliver


2018 NY Slip Op 04885


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


735 KA 17-01157

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC OLIVER, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (NIKKI KOWALSKI OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated May 22, 2017. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of one count of sex trafficking (Penal Law § 230.34 [1] [a]) in satisfaction of an indictment charging him with several prostitution-related offenses. In appeal No. 2, defendant appeals by permission of this Court from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction. We address first appeal No. 2, in which defendant contends that Supreme Court erred in denying his motion to vacate the judgment because, among other things, he was denied effective assistance of counsel. We agree.
Although the court applied the federal standard (see Strickland v Washington, 466 US 668, 694 [1984]), inasmuch as defendant's claim on the motion and on appeal is that he was denied his right to effective assistance of counsel guaranteed by both the Federal and New York State Constitutions, the claim is properly evaluated using the state standard (see People v Stultz, 2 NY3d 277, 282-284 [2004], rearg denied 3 NY3d 702 [2004]; People v Henry, 95 NY2d 563, 565-566 [2000]; People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; cf. People v McDonald, 1 NY3d 109, 114-115 [2003]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). "In New York, the standard for an ineffective assistance of counsel claim is whether the defendant was afforded meaningful representation' and, while significant, the prejudice component of an ineffective assistance claim is not necessarily indispensable" (People v Bank, 28 NY3d 131, 137 [2016]; see Stultz, 2 NY3d at 283-284). Thus, "[w]hile the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Benevento, 91 NY2d 708, 714 [1998]; see Stultz, 2 NY3d at 284; Henry, 95 NY2d at 566). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (Baldi, 54 NY2d at 147). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]; see People v Hoyer, 119 AD3d 1457, 1458 [4th Dept 2014]).
"The right to effective counsel guarantees the defendant a zealous advocate to safeguard the defendant's interests, gives the defendant essential advice specific to his or her personal circumstances and enables the defendant to make an intelligent choice between a plea and trial" (People v Peque, 22 NY3d 168, 190 [2013], cert denied 574 US &mdash, 135 S Ct 90 [2014]), and here defendant was deprived of that right. It is undisputed that the evidence adduced at the hearing on the motion to vacate the judgment established that defense counsel erroneously advised defendant during plea negotiations that, if he were convicted after trial, he faced the possibility of consecutive sentences in excess of 75 years of imprisonment. Defense counsel failed to advise defendant that, given the charges and law at the time of the plea, his aggregate sentencing exposure would be capped by operation of law at 15 to 30 years of imprisonment (see Penal Law § 70.30 [1] [e] [i]). It is also undisputed that defense counsel erroneously advised defendant that sex trafficking (see § 230.34) was not a sex offense for purposes of the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.; see § 168-a [2] [a] [i]). Contrary to the People's contention, the record does not support the court's determination that defendant's choice to plead guilty was not influenced by defense counsel's misadvice. The evidence, including a letter from defense counsel to the prosecutor during plea negotiations and the testimony of defendant and defense counsel at the hearing on defendant's motion to vacate the judgment, established that defendant and defense counsel perceived a viable defense to the sex trafficking charges and were leaning toward going to trial, but defendant—under the misapprehension that he risked the possibility of an aggregate maximum term of imprisonment that would be the equivalent of a life sentence for him—relied upon defense counsel's erroneous advice in accepting a plea that addressed his primary concerns by providing the ostensible benefit of greatly reducing his sentencing exposure while also avoiding any SORA implications. We thus conclude on this record that defendant was denied meaningful representation inasmuch as defense counsel's erroneous advice compromised the fairness of the process as a whole by depriving defendant of the ability to make an intelligent choice between pleading guilty or proceeding to trial (see People v Perron, 287 AD2d 808, 808-809 [3d Dept 2001], lv denied 97 NY2d 686 [2001]). We therefore reverse the order in appeal No. 2, grant defendant's motion, vacate the judgment of conviction and remit the matter to Supreme Court for further proceedings on the indictment.
In light of our determination in appeal No. 2, we need not address defendant's remaining contention therein, and we dismiss as moot defendant's appeal from the judgment in appeal No. 1 (see People v Dealmeida, 124 AD3d 1405, 1407 [4th Dept 2015]; People v Gayden [appeal No. 2], 111 AD3d 1388, 1388-1389 [4th Dept 2013]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court