■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HICKS, Appellant. [783 NYS2d 15]—

Judgment, Supreme Court, Bronx County (Lawrence Bern-

stein, J.), rendered June 15, 2000, convicting defendant, after a jury trial, of attempted rape in the first degree and attempted sodomy in the first degree, and sentencing him, as a second felony offender, to concurrent terms of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490 [1987]). Issues of credibility and identification, including inconsistencies in the victim's testimony, were properly presented to the jury, and we find no reason to disturb its determinations. The evidence warrants the conclusion that the victim had an adequate opportunity to observe defendant during the crime, and that any discrepancies between her description of defendant and his actual appearance were minor and readily explainable.

Defendant was not deprived of his right to a fair trial by the conduct of the prosecutor during examination of witnesses and summation. There was no pattern of inflammatory remarks or egregious conduct on the part of the prosecutor and no basis for reversal of defendant's conviction (*see People v D'Alessandro*, 184 AD2d 114 [1992], *lv denied* 81 NY2d 884 [1993]). We do, however, take strong exception to the prosecutor's reference on summation to Maurice Hicks, a person who was called as a defense witness but was excused before any examination took place, and was never subsequently recalled to the stand. Nonetheless, the court's prompt curative actions were sufficient to prevent defendant from being prejudiced by any improprieties (*see People v Santiago*, 52 NY2d 865 [1981]).

During deliberations, the court properly refused to dismiss a sworn juror as grossly unqualified after conducting a thorough inquiry of the juror and reasonably concluding that she would be able to render an impartial verdict based solely on the evidence adduced at trial (*see People v Buford*, 69 NY2d 290, 298 [1987]).

After a complete evidentiary hearing, the court properly denied defendant's motion to set aside the verdict on the ground of newly discovered evidence (*see* CPL 330.30 [3]). There was no showing that had the witness in question testified at trial, the outcome of the trial would have been affected, since the proposed testimony was equivocal and unreliable. Moreover, even if the testimony were accepted, it merely tended to impeach the victim's testimony as to her opportunity to observe (*see People v Lewis*, 284 AD2d 172 [2001], *lv denied* 97 NY2d 706 [2002]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.