The People of the State of New York, Appellant, v Tyrone Hicks, Respondent. [981 NYS2d 81]—

Order, Supreme Court, Bronx County (Darcel D. Clark, J.), entered October 26, 2012, which granted defendant's motion to vacate a judgment of conviction and directed a new trial on the ground of newly discovered evidence, unanimously affirmed.

On June 15, 2000, a judgment was entered in the Supreme Court, Bronx County, convicting defendant after a jury trial of attempted rape in the first degree and attempted sodomy in the first degree. The conviction was based upon the brutal and violent sexual attack of a female victim that occurred in the early hours of February 23, 1998, in a dark alleyway. The victim testified that she struggled, resisted the attack as much as she could and continually fought her attacker. She further testified that the attacker had his hand on her throat during the assault. The assault was brought to an end only when someone from an apartment above the alley yelled, causing the attacker to flee.

The victim immediately sought help and shortly thereafter the police arrived at the scene. She was taken to Jacobi Hospital for examination and treatment. A sexual assault evidence kit was collected which included material from the victim's fingernails. The victim provided descriptions of her assailant to police officers and a composite sketch was prepared. Approximately three weeks later, on March 18, 1998, the victim identified defendant in a police lineup. Thereafter, defendant was arrested.

At trial, the victim's eyewitness identification provided the sole evidence linking defendant to the crime. The People presented no physical evidence linking defendant to the crime, including no evidence that defendant's DNA was present at the crime scene. The defense raised issues about the reliability of the victim's identification and pointed the jury to discrepancies in the several descriptions she gave of her attacker during the investigation. The defense also produced an alibi witness, defendant's son-in-law, who testified that defendant was at home with the witness when the attack occurred. The jury returned a guilty verdict. In affirming the conviction (*People v Hicks*, 11 AD3d 261 [1st Dept 2004]), this Court found no reason to disturb the jury's determination on issues of credibility and identification. The Court of Appeals affirmed our order (*People v Hicks*, 6 NY3d 737 [2005]).

In 2009, the Office of the Medical Examiner, with the consent of the Bronx District Attorney, tested and compared the DNA material from the victim's fingernails that had been collected and retained in the sexual assault evidence kit shortly after the crime, with the defendant's DNA. On October 20, 2010, the Medical Examiner issued a report concluding that there was male genetic material recovered from testing the fingernail scrapings, but that the genetic material did not match defendant's DNA.

The motion court granted defendant's motion pursuant to

CPL 440.10 to vacate the judgment of conviction and for a new trial based upon the DNA evidence.[1] The People appeal. We now affirm the order of the trial court.

Although at the time he made his motion, defendant was required to show under CPL 440.10 (1) (g) that "[n]ew evidence has been discovered . . . which could not have been produced by [him] at the trial even with due diligence on his part and . . . that had such evidence been received at the trial the verdict would have been more favorable to the defendant," the law has since been amended. Pursuant to CPL 440.10 (1) (g-1), which became effective October 1, 2012, the court may grant a defendant's motion to set aside the judgment when forensic DNA testing is performed after the entry of judgment upon a conviction and "the court has determined that there exists a reasonable probability that the verdict would have been more favorable to the defendant." Unlike a motion under CPL 440.10 (1) (g), a defendant relying on the results of DNA testing no longer has to show that the results of such testing is newly discovered evidence in order to seek vacatur of a judgment of conviction. The defendant only has to show that there is a reasonable probability that he would have obtained a more favorable verdict. The newly amended statute, permitting relief at any time after the entry of judgment, applies to this case.[2] Thus, the People's arguments regarding the sufficiency of defendant's claim that the DNA evidence was newly discovered are moot.

The People argue that, even though the DNA material from the victim's fingernails was from some male other than defendant, because there is no evidence that the victim ever scratched or came into contact with her attacker's skin, the DNA evidence is not exculpatory and provides no reasonable probability that defendant would have obtained a more favorable result at trial. They argue that, at the very least, the facts of this case required the court to hold a testimonial hearing to determine whether the DNA material was from the victim's attacker or some other source.

The standard for reviewing decisions on motions decided under CPL 440.10 (1) (g-1) is abuse of discretion (*People v Jones*, 109 AD3d 402, 405 [1st Dept 2013]). This standard is the same for all CPL 440.10 motion decisions, except in non-capital cases before the Court of Appeals (*People v Samandarov*, 13 NY3d

---

**1.** Defendant also moved to set aside the verdict based upon the People's failure to exchange *Brady* materials consisting of a letter. The trial court never ruled on the issue, finding the DNA evidence was in itself sufficient to warrant vacating the conviction and holding a new trial.

**2.** The People conceded this point at oral argument.

433, 436 [2009]; *People v Crimmins*, 38 NY2d 407, 409 [1975]). We find that the court providently exercised its discretion in vacating the judgment of conviction and ordering a new trial in this case.

We reject the People's contention that, before deciding the motion, the court was required to hold a hearing to resolve factual disputes regarding the source of the DNA under the victim's fingernails. A hearing to develop additional facts is not invariably necessary to decide a CPL 440.10 motion. Rather, CPL 440.30 contemplates that a court will make an initial determination on the written submissions regarding whether the motion can be decided without a hearing (*Jones*, 109 AD3d at 403). In this case the People did not request a hearing. Even if they had, the court was well within its discretion in resolving the motion without a hearing based upon the facts that had been presented at the underlying trial. The court concluded that the victim's trial testimony about her strenuous physical struggle with her attacker supported defendant's contention that the DNA material from the victim's fingernails likely came from her attacker. DNA from a victim's fingernails is a recognized forensic tool in identifying attackers, eliminating suspects and investigating crimes (*see People v Bush*, 90 AD3d 945 [2d Dept 2011]; *People v Donahue*, 81 AD3d 1348, 1350 [4th Dept 2011], *lv denied* 16 NY3d 894 [2011]).

Although there was no testimony that the victim's fingernails came directly into contact with her attacker's skin, it is still reasonable under the facts of this case to conclude that when the victim vigorously fought her attacker she collected his DNA under her fingernails. Other explanations posited by the People regarding why DNA may not have been that of the attacker did not require a testimonial hearing conclusively ruling them out. While a defendant needs to show more than a mere possibility that the verdict would have been more favorable to him (*see People v Rodriguez*, 193 AD2d 363, 365 [1st Dept 1993], *lv denied* 81 NY2d 1079 [1993]), he does not have to establish a virtual certainty that there would have been no conviction without the DNA evidence (*see People v Tankleff*, 49 AD3d 160 [2d Dept 2007]).

Here the DNA evidence is material and exculpatory because it supports identifying someone other than defendant as the attacker. In concluding that there was a reasonable probability that the jury would have rendered a more favorable verdict for the defendant, the court not only considered the DNA evidence but also that the underlying conviction was based solely on the resolution of a close and vigorously contested factual question

regarding the attacker's identity. The court considered that the conviction was based on an arguably conflicted and uncorroborated eyewitness identification by the victim. On balance the court correctly exercised its discretion in finding that a new trial was warranted. Our recent decision in *People v Jones* (109 AD3d 402 [1st Dept 2013]), where despite new DNA evidence, we upheld the denial of a CPL 440.10 motion based on the strength of the eyewitness identification, is distinguishable. Unlike the eyewitness identification in *People v Jones*, the victim's identification in this case was not unusually strong or reliable. She had no opportunity to observe her attacker in a non-stressful situation before the attack. Her various descriptions of her attacker in the course of the investigation contained discrepancies and there was an alibi witness placing defendant someplace else at the time of the attack. Concur—Tom, J.P., Saxe, Moskowitz and Gische, JJ.