# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1269**

**KA 14-00932**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

MICHAEL WHITE, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR APPELLANT.

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), dated March 17, 2014. The order granted the motion of defendant to vacate a judgment of conviction and ordered a new trial.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order granting defendant's motion pursuant to CPL 440.10 (1) (g) to vacate the judgment convicting him, following a nonjury trial in 2006, of rape in the first degree (Penal Law § 130.35 [1]) and sexual abuse in the first degree (§ 130.65 [1]) based on newly discovered evidence. At trial, the People presented evidence that, when the complainant was examined at the hospital shortly after she was allegedly raped, a quantity of semen was found in her vagina. Although it could not be determined at the time whether defendant was the source of the semen, the prosecutor argued during her summation that the presence of semen corroborated the complainant's testimony that defendant raped her. County Court found defendant guilty as charged, and we affirmed (*People v White*, 43 AD3d 1407, *lv denied* 9 NY3d 1010).

In April 2013, after defendant was released from prison, more sophisticated DNA testing showed that the semen from the complainant's vagina did not come from defendant; instead, it came from the complainant's then-boyfriend. Defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (g), contending that the DNA test results constitute newly discovered evidence. We note that CPL 440.10 (1) (g-1), concerning forensic DNA testing performed after the entry of judgment, had not yet been enacted (*see generally People v Hicks*, 114 AD3d 599, 601). The People opposed the motion solely on the ground that the DNA evidence, if admitted at a retrial, would probably not lead to a different result. According to

the People, the absence of defendant's DNA in the complainant's vagina did not exonerate him because he may have worn a condom or he may not have ejaculated when he raped the complainant.

In granting defendant's motion, the court stated, "[g]iven the exculpatory nature of the newly-discovered evidence, it is the opinion of this court, which sat as the trier of fact, that the cumulative effect of such evidence would probably change the result if a new trial were granted."  The court noted in its decision that, during her summation, "the prosecutor *successfully argued* that the presence of (unidentified) male DNA in the vaginal swabs of complainant's rape kit corroborated her testimony and helped establish defendant's guilt, based on the assumption that where male DNA is found in the vaginal swabs of a woman who had not bathed between the time of the alleged rape and the examination, the source of that male DNA is that of the rapist" (emphasis added).  We now affirm.

"It is well settled that on a motion to vacate a judgment of conviction based on newly discovered evidence, the movant must establish, inter alia, that there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[] (6) which does not merely impeach or contradict the record evidence" (*People v Smith*, 108 AD3d 1075, 1076, *lv denied* 21 NY3d 1077 [internal quotation marks omitted]; *see People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950).  "The power to grant an order for a new trial on the ground of newly discovered evidence is purely statutory.  Such power may be exercised only when the requirements of the statute have been satisfied, the determination of which rests within the sound discretion of the court" (*Salemi*, 309 NY at 215; *see People v Pugh*, 236 AD2d 810, 811, *lv denied* 89 NY2d 1099).

Here, the People contend that the court erred in granting defendant's motion because the DNA evidence will probably not change the result at a new trial.  We reject that contention.  The only evidence against defendant at trial was the testimony of the complainant and a lab report showing that semen was found in her vagina shortly after she reported the alleged rape.  The complainant's sister and mother both testified for the defense, and there was evidence that defendant was not physically capable of having committed the crime of rape.  Moreover, as noted, the prosecutor argued during her summation that the presence of semen in the complainant's vagina corroborated her testimony that defendant raped her, and the court accepted that argument.  We now know, based on the more sophisticated DNA testing not previously available, that the presence of semen in the complainant's vagina does not in fact corroborate her testimony. Although the People assert that the absence of defendant's semen in the complainant's vagina is not probative because he may have worn a condom or not ejaculated, that assertion is based on sheer speculation inasmuch as the complainant did not testify at trial that defendant wore a condom or failed to ejaculate.

Under the circumstances, and considering that the case against

defendant rested solely on the lab report and the complainant's testimony, which was sharply challenged at trial, we conclude that the court did not abuse its discretion in determining that the newly discovered DNA evidence will probably change the result if a new trial is granted (*see Hicks*, 114 AD3d at 602-603).

Entered:  February 6, 2015                         Frances E. Cafarell
                                                   Clerk of the Court