# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**915**

**KA 15-02068**

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

RENEE SUSAN BAILEY, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY WOLFORD OF COUNSEL), FOR APPELLANT.

NEW YORK LAW SCHOOL LEGAL SERVICES, NEW YORK CITY (ADELE BERNHARD OF COUNSEL), AND KEITH A. FINDLEY, WISCONSIN INNOCENCE PROJECT, MADISON, WISCONSIN, FOR DEFENDANT-RESPONDENT.

DAVID POLK & WARDWELL LLP, NEW YORK CITY (SHARON KATZ OF COUNSEL, FOR THE INNOCENCE NETWORK, AMICUS CURIAE.

---

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), dated December 16, 2014.  The order granted the motion of defendant pursuant to CPL 440.10 to vacate the judgment convicting her, following a jury trial in 2002, of murder in the second degree based on newly discovered evidence and granted her a new trial.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum:  The People appeal from an order granting defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting her, following a jury trial in 2002, of murder in the second degree (Penal Law § 125.25 [4]) based on newly discovered evidence (*see* CPL 440.10 [1] [g]), and granting her a new trial.  The evidence at trial included medical testimony from three witnesses that the injuries sustained by the toddler, who was in the custody of defendant, a daycare provider, could have been caused only by shaken baby syndrome (SBS), also known as shaken baby impact syndrome (SBIS), and could not have been caused by a short-distance fall from a chair that was 18 inches in height, as defendant contended.  On her direct appeal, we rejected defendant's challenges to the verdict, but we reduced the sentence as a matter of discretion in the interest of justice (*People v Bailey*, 8 AD3d 1024, *lv denied* 3 NY3d 670).

In 2013, defendant moved to vacate the judgment of conviction contending, inter alia, that advances in medicine and science had established that the injuries sustained by the toddler could have been caused by a short-distance fall fand that newly discovered evidence

related to another child's alleged observation of the incident established that the toddler had, in fact, jumped or fallen from the chair. Although County Court rejected other grounds for the CPL 440.10 motion, the court granted a hearing on the allegations of newly discovered evidence. Following that hearing, the court granted the motion, vacated the judgment of conviction and granted defendant a new trial (*People v Bailey*, 47 Misc 3d 355). We now affirm.

"It is well settled that on a motion to vacate a judgment of conviction based on newly discovered evidence, the movant must establish, inter alia, that there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[] (6) which does not merely impeach or contradict the record evidence . . . Defendant has the burden of establishing by a preponderance of the evidence every fact essential to support the motion" (*People v Backus*, 129 AD3d 1621, 1623, *lv denied* 27 NY3d 991 [internal quotation marks omitted]; *see People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950; *People v White*, 125 AD3d 1372, 1373). The determination of such a motion "rests within the sound discretion of the court" (*Salemi*, 309 NY at 215; *see Backus*, 129 AD3d at 1623-1624; *White*, 125 AD3d at 1373).

The People do not dispute that the allegedly new evidence is material, is not cumulative and does not merely impeach or contradict the record evidence. Rather, the People contend that the evidence submitted at the hearing does not constitute newly discovered evidence and would not change the result if a new trial were granted. We reject the People's contentions.

In general, advancements in science and/or medicine may constitute newly discovered evidence (*see People v Chase*, 8 Misc 3d 1016[A], 2005 NY Slip Op 51125[U], *8; *People v Callace*, 151 Misc 2d 464, 466), and we conclude that defendant established, by a preponderance of the evidence (*see* CPL 440.30 [6]), that "a significant and legitimate debate in the medical community has developed in the past ten years over whether infants [and toddlers] can be fatally injured through shaking alone, . . . and whether other causes [such as short-distance falls] may mimic the symptoms traditionally viewed as indicating shaken baby or shaken impact syndrome" (*Wisconsin v Edmunds*, 308 Wis 2d 374, 385-386, 746 NW2d 590, 596, *review denied* 308 Wis 2d 612, 749 NW2d 663; *cf. People v Caldavado*, 26 NY3d 1034, 1037; *see generally Cavazos v Smith*, ___ US ___, ___, 132 S Ct 2, 10 [Ginsburg, J., dissenting]).

We further conclude that defendant established, by a preponderance of the evidence (*see* CPL 440.30 [6]), that the newly discovered evidence would probably change the result if a new trial were held today. "A motion to vacate a judgment of conviction upon the ground of newly discovered evidence rests within the discretion of the hearing court . . . The 'court must make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial' " (*People v Deacon*, 96 AD3d 965, 967, *appeal*

*dismissed* 20 NY3d 1046; *see People v McFarland*, 108 AD3d 1121, 1121, *lv denied* 24 NY3d 1220).  Here, the cumulative effect of the research and findings on retinal hemorrhages, subdural hematomas or hemorrhages and cerebral edemas as presented in SBS/SBIS cases and short-distance fall cases supports the court's ultimate decision that, had this evidence been presented at trial, the verdict would probably have been different (*cf. Caldavado*, 26 NY3d at 1037).

We note that the court did not address defendant's contentions concerning evidence related to the child who had allegedly witnessed the incident because those contentions were moot, and we likewise decline to address those contentions on that ground.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court