OPINION OF THE COURT
Miriam Cyrulnik, J.
On April 7, 2016, defendant, who was baby-sitting the eight month old complaining witness, took him to the emergency room at Maimonides Medical Center in Brooklyn. She reported that she found the child unresponsive and suffering from seizures. After multidisciplinary medical examinations and tests, the child was diagnosed with bleeding within the brain, subdural hematomas, restricted blood flow to the brain, retinal hemorrhages and seizures. The medical experts determined that the injuries were consistent with non-accidental trauma and rapid acceleration/deceleration. Defendant was subsequently indicted for reckless assault of a child, assault in the second degree, endangering the welfare of a child, reckless endangerment in the second degree, and assault in the third degree.
Defendant now moves for an order precluding the People from presenting expert testimony on the subject of shaken baby syndrome/abusive head trauma (hereinafter SBS/AHT). In the alternative, defendant moves for a hearing, pursuant to Frye v United States (293 F 1013 [DC Cir 1923]), to determine whether the expert testimony sought to be introduced by the People remains generally accepted within the scientific community.
In making its determination, the court has reviewed defendant’s motion to preclude, the People’s affirmation in opposition and defendant’s reply affirmation.
Defendant argues that SBS/AHT is no longer generally recognized in the scientific community as a diagnosis or diagnostic tool. Defendant bases her argument on various scholarly articles, which chronicle a growing debate on the subject within that community. Defendant also relies upon recent case law which has referenced this debate.
The People argue that SBS/AHT is an established medical diagnosis, upon which expert testimony has been accepted in New York State courts for over two decades. The People fur *1017 ther argue that the case law relied upon by defendant is inapplicable to the case at bar.
In determining whether or not to admit expert testimony regarding the then-novel scientific evidence of DNA profiling, the Court of Appeals summarized the standard applied in Frye v United States (293 F 1013 [1923], supra) as “whether the accepted techniques, when properly performed, generate results accepted as reliable within the scientific community generally” (People v Wesley, 83 NY2d 417, 422 [1994]). “[T]he test is not whether a particular procedure is unanimously indorsed by the scientific community, but whether it is generally [accepted] as reliable” (People v Middleton, 54 NY2d 42, 49 [1981]).
The New York courts have specifically held that SBS/AHT is generally accepted in the scientific community (see People v Yates, 290 AD2d 888 [3d Dept 2002]; Matter of Antoine J., 185 AD2d 925 [2d Dept 1992]; People v Thomas, 46 Misc 3d 945 [Westchester County Ct 2014]; Matter of Lou R., 131 Misc 2d 138 [Fam Ct, Onondaga County 1986]). Additionally, SBS/AHT has been consistently recognized by New York courts as an accepted scientific theory, without explicit Frye analysis (see e.g. People v Van Norstrand, 85 NY2d 131 [1995]; People v Wong, 81 NY2d 600 [1993]; People v Hershey, 85 AD3d 1661 [4th Dept 2011], lv denied 18 NY3d 883 [2012]; Matter of Joaquin Enrique C. [Anna Julia F.], 79 AD3d 548 [1st Dept 2010]; People v Sulayao, 58 AD3d 769 [2d Dept 2009], lv denied 12 NY3d 822 [2009]; Matter of Damien S., 45 AD3d 1384 [4th Dept 2007], lv denied 10 NY3d 701 [2008]; Matter of Seamus K., 33 AD3d 1030 [3d Dept 2006]; People v Kendall, 254 AD2d 809 [4th Dept 1998], lv denied 92 NY2d 983 [1998]).
Defendant asserts that various jurisdictions around the nation, and at least one appellate court here in New York State, have acknowledged what she terms an “[erosion of] the validity of shaken baby syndrome” (defendant’s mem of law at 10). She relies heavily on People v Bailey (144 AD3d 1562 [4th Dept 2016]), interpreting its holding to mean that “to the extent that New York courts had previously held that the syndrome was generally accepted within the scientific community, that determination is no longer tenable” (defendant’s mem of law at 10). However, there is nothing in the language of Bailey that warrants such a broad and sweeping interpretation. The case law cited by defendant pertains to post-conviction motion practice, where the courts have treated the recent scrutiny of SBS/AHT, and the growing debate surrounding it, as newly discovered evidence entitling the defendant to a new trial; such *1018 was the result in Bailey.’ However, defendant has not presented a case in which a court in New York State has rejected SBS/ AHT outright as a diagnosis or diagnostic tool.
Based upon the scientific literature and case law, it is undeniable that there exists a faction of the scientific community that challenges SBS/AHT, and that “a significant and legitimate debate in the medical community [about this issue] has developed in the past ten years” (People v Bailey, 144 AD3d 1562, 1564 [2016], supra [internal quotation marks and citation omitted]). This raises a question of fact, which is a matter for a jury (see People v Jones, Sup Ct, Kings County, Mar. 15, 2017, Dowling, J., indictment No. 979/2016). The court cannot encroach upon the province of the jury by choosing which of two competing scientific theories is correct.
Furthermore, defendant is not entitled to a Frye hearing where, as here, the People’s theory of the complaining witness’ injury, namely SBS/AHT, has been generally accepted within the scientific community (see People v Jones, Sup Ct, Kings County, Mar. 15, 2017, Dowling, J., indictment No. 979/2016, supra; compare People v Jeter, 80 NY2d 818, 821 [1992] [trial court could not determine that voice spectrography was generally accepted as reliable without a Frye hearing, given the “marked conflict in the judicial and legal authorities as to the reliability of the procedure”]).
At trial, defendant will be permitted to cross-examine the People’s experts and present her own experts to challenge the People’s theory of injury (see People v Bailey, 144 AD3d 1562 [2016], supra; People v Jones, Sup Ct, Kings County, Mar. 15, 2017, Dowling, J., indictment No. 979/2016, supra; Wisconsin v Edmunds, 308 Wis 2d 374, 746 NW2d 590 [2008]).
Accordingly, defendant’s motion is denied in its entirety.

 In the case of People v Caldavado (26 NY3d 1034 [2015]), the Court of Appeals ordered a hearing in connection with defendant’s CPL 440.10 motion to vacate her conviction, to allow exploration of defense counsel’s failure to present opposing expert testimony on the issue, and whether that amounted to ineffective assistance of counsel.