Order, Supreme Court, Bronx County (Martin Marcus, J.), rendered October 14, 2015, which denied defendant’s CPL 440.10 motion to vacate a judgment of conviction rendered June 30, 1993, unanimously affirmed.
 

 Defendant alleged in support of his CPL 440.10 motion that counsel affirmatively misled him about the deportation consequences of his guilty plea, by misadvising him that he would not be deportable if he pleaded guilty, and that the plea would not “pose any immigration problems.” However, since defendant pleaded guilty to an aggravated felony under federal law, deportation was actually mandatory (see People v Corporan, 135 AD3d 485 [1st Dept 2016]). Defendant also alleged that, had he known that deportation was mandatory, he would have proceeded to trial or sought a more favorable plea, in light of his strong ties to the United States.
 

 Supreme Court’s denial of defendant’s CPL 440.10 motion was a provident exercise of discretion (People v Hicks, 114 AD3d 599, 601-602 [1st Dept 2014]). When asserting a claim of ineffective assistance of counsel, the defendant bears the burden to show that the alleged facts entitle him or her to relief (.People v Satterfield, 66 NY2d 796, 799 [1985]), and the court then decides whether the showing is sufficient to require a hearing. Although defendant’s claim was not refuted by “unquestionable documentary proof” (CPL 440.30 [4] [c]), the bare-boned claims were “made solely by the defendant and [were] unsupported by any other affidavit or evidence” (CPL 440.30 [4] [d]). The court properly determined, without a hearing and based upon the totality of the circumstances, including consideration of the strength of the People’s case, the favorable plea, the likelihood of a plea offer with non-mandatory immigration consequences and defendant’s substantial criminal record by 1993, including a 1987 conviction that also carried mandatory immigration consequences, that there is no reasonable possibility that defendant’s claims were true.
 

 Concur — Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.