People v Rivera (2020 NY Slip Op 07508)





People v Rivera


2020 NY Slip Op 07508


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Ind No. 201/15 Appeal No. 12641 Case No. 2019-5886 

[*1]The People of the State of New York, Appellant,
v
Fernando Rivera, Defendant-Respondent.


Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for respondent.



Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about April 16, 2019, which granted defendant's CPL 440.10 motion to vacate a judgment rendered March 21, 2016 convicting him of attempted burglary in the second degree, unanimously affirmed.
The court providently exercised its discretion when it granted defendant's CPL 440.10 motion and vacated his guilty plea. The People's principal argument, that the court impermissibly vacated the conviction on the ground that defendant was actually innocent (see People v Tiger, 32 NY3d 91 [2018]), is not supported by the record. Although the court's language might have been more precise, it is clear, under all the circumstances, that the court ruled that defendant's plea was unknowing and involuntary because defendant had a potentially viable defense of which his lawyer did not make him aware.
Specifically, the court found, based on the expanded record, that defendant pleaded guilty without knowing that he could not be convicted of burglary unless the prosecution proved that he formed the intent to commit a crime before he unlawfully entered or remained in the complainant's hospital room (see People v Gaines, 74 NY2d 358 [1989]). A theory that defendant formed any criminal intent upon becoming angry at the complainant, but only after defendant had entered or remained in the room unlawfully, corresponded to defendant's version of the incident and was otherwise at least viable.
Under all the circumstances, the court providently exercised its discretion in granting the motion summarily (see People v Samandarov, 13 NY3d 433, 440 [2009]; People v Hicks, 114 AD3d 599, 602 [1st Dept 2014]). The parties' submissions did not raise a factual dispute on any material issue that warranted an evidentiary hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020